UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Jonathan Berall, M.D., M.P.H.,

                Plaintiff,

        v.

Verathon Inc.; Pentax of America, Inc.;
Hoya Corp.; Hoya Digital Solutions Corp.;
and LMA North America, Inc.

                Defendants,

        v.

*In re Brenda Murphy*
*Regarding subpoena directed to non-party*
*Brenda Murphy*

---

Case No. 21 -mc- 00043 RSL

**VERATHON INC.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS TO BRENDA MURPHY**

**NOTE ON MOTION CALENDAR:
April 16, 2021 (LCR 7(d)(2))**

**[Civil Action No. 10-cv-5777-LAP-DCF, pending in the U.S. District Court for the Southern District of New York]**

**ORAL ARGUMENT REQUESTED**

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 1
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

## INTRODUCTION

Verathon Inc. ("Verathon") respectfully moves for a protective order and to quash subpoenas served on March 22, 2021 by Christopher DeCoro of Kirkland & Ellis on behalf of Jonathan Berall, M.D., M.P.H. ("Berall") on non-party Brenda Murphy in Seattle, Washington, requiring her to testify at a deposition on April 8, 2021 and to produce documents and items in Seattle. The subpoena was issued in connection with a patent infringement action pending in the U.S. District Court for the Southern District of New York, *Jonathan Berall, M.D., M.P.H. v. Verathon Inc. et. al*, 1:10-cv-05777-LAP-DCF (the "Berall matter").[1] Ms. Murphy is the former Vice President of Human Resources and member of the executive leadership team at Verathon who announced her intent to resign from Verathon to its President Earl Thompson on March 5, 2021, and was given notice on March 8, 2021 that her employment was ending, effective immediately. Verathon brings this motion in this district under a miscellaneous action because Seattle is the place where compliance is required. *See* Fed. R. Civ. P. 45(d)(3).

The subpoena calls for the production of a Verathon computer laptop and smartphone and perhaps other Verathon equipment, documents, and materials, currently in possession of Ms. Murphy and her attorney, Seth Rosenberg of The Seattle Litigation Group, PLLC, that contain contractually protected confidential information, attorney-client privileged communications and information, and attorney work product (collectively, "Confidential Information"). The computer and smartphone also contain various documents and information, including trade secrets and competitive information of Verathon, that are wholly unrelated to the Berall matter. Under company policy and as a matter of contract, Ms. Murphy was required to return the Verathon computer and smartphone on the day her employment ended, but she did not.

Ms. Murphy and her attorney, Mr. Rosenberg, refuse to return Verathon's property pending the resolution of the subpoena. They claim that the Verathon computer and smartphone may

---

[1] A copy of the First Amended Complaint (ECF No. 193) in the Berall matter is attached as Exhibit A to the accompanying Declaration of David Potter ("Potter Decl.").

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 2
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

contain evidence of attempted discovery abuse in the Berall matter and also evidence to support a wrongful termination claim by Ms. Murphy against Verathon.   But even if Ms. Murphy's allegations had support (and they do not), it is wholly improper for her attorney to refuse to return Verathon's property.  Ms. Murphy must follow proper discovery procedures, not engage in extra-judicial, self-help measures that deprive Verathon of its right to prevent the disclosure of its Confidential Information.

In an effort to resolve this specific matter, Damond Mace of Squire Patton Boggs contacted Seth Rosenberg and requested that Mr. Rosenberg and Ms. Murphy send the Verathon computer and smartphone (and any other Verathon equipment, documents, or materials that he or Ms. Murphy have) to Squire Patton Boggs ("Squire") for preservation and safekeeping.  Declaration of Damond Mace ("Mace Decl.") at ¶ 6.   Among other things, Squire, as officers of the court, could then have a third-party eDiscovery vendor clone the computer and smartphone, along with associated metadata, and have the vendor search for any information and documents responsive to discovery requests and relevant to Berall's and/or Ms. Murphy's claims, which could then be produced, subject to appropriate objections by Verathon, including on the basis of privilege.  *Id.* Mr. Rosenberg responded by stating that Ms. Murphy intended "to hold this evidence pending order of the court." *Id.*[2]

To protect Verathon's legal rights, this Court should enter a protective order directing Ms. Murphy and her attorney Mr. Rosenberg to turn over Verathon's property to Squire for safekeeping and to prevent spoliation of any evidence.

This Court also should quash the subpoenas served by Mr. DeCoro on Ms. Murphy.  Just

---

[2] On March 31, 2021, Verathon's counsel Damond Mace conducted a good faith meet and confer via phone with Mr. Rosenberg, but the parties were not able to resolve their dispute. Mace Decl. at ¶ 8.  Additionally, on March 29, 2021, Verathon's counsel requested Christopher DeCoro of Kirkland & Ellis to withdraw the subpoenas to Ms. Murphy and tried to schedule a meet and confer.  *Id.* at ¶ 9.  On April 5, 2021, Mr. Mace attempted again to conduct a meet and confer with Mr. DeCoro by calling him several times.  Mr. DeCoro responded by email stating that he was not available to talk that day, and would not withdraw the subpoenas.  *Id.*

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 3
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

as it is improper for Ms. Murphy and her attorney to engage in self-help, pre-litigation measures at the expense of Verathon by refusing to return Verathon's property, it is improper for Berall's counsel Mr. DeCoro to use a Rule 45 subpoena to obtain stolen documents and information from a disgruntled, and now former, Verathon executive.  The subpoena for documents and objects served on Ms. Murphy by Mr. DeCoro seeks extraordinary unfettered, and unfiltered, access to Verathon's computer and smartphone in violation of Verathon's legal rights.  It should be quashed, along with the subpoena seeking Ms. Murphy's deposition testimony on April 8, 2021. Alternatively, a protective order should be entered precluding discovery.

## FACTUAL BACKGROUND

**1.   Murphy is Verathon's Former Vice President of the Human Resources Department.**

Brenda Murphy was employed by Verathon for 23 months as Vice President, People, in the Human Resources Department and was part of Verathon's executive leadership team during her entire 23 months at Verathon.  *See* Declaration of Earl Thompson ("Thompson Decl."), at ¶ 3. As part of her employment, Ms. Murphy executed a nondisclosure agreement.  *Id.* at ¶ 4, Ex. A. Ms. Murphy expressly acknowledged that she was being placed in a position of special trust and confidence at Verathon, and she understood that the "Company" (defined as Verathon, its parent Roper Technologies, Inc., and any affiliates) was providing her with, among other things, "Confidential Information" in reliance upon her covenants in the nondisclosure agreement.  *Id.*, Ex. A, Section 2.  Ms. Murphy agreed not to engage in any unauthorized use or disclosure of "Confidential Information," and to limit her use of such information to purposes that further the Company's business interest.  *Id.*  The term "Confidential Information" was defined to include a broad range of information relating to her senior management position with the company.  *Id.*  Ms. Murphy expressly agreed that her confidentiality obligations "shall continue to apply after the termination of my employment." *Id.*[3]

---

[3] Murphy signed similar nondisclosure agreements as a condition of receiving equity incentive awards from Verathon under the company's incentive plan.  Thompson Decl. ¶ 5.

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 4
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

**2.      Murphy Tenders Her Resignation and Her Employment is Concluded.**

On March 5, 2021, Ms. Murphy announced her intent to resign from Verathon.  Thompson Decl. ¶ 6.  On March 8, 2021, Ms. Murphy was given notice that her employment was ending, effective immediately.  *Id.* at ¶ 7.  That same day, in-house counsel David Potter emailed Ms. Murphy a separation agreement, and she was given 21 days to consider its proposed terms.  *See* Potter Decl. ¶ 6, Ex. B.  Later in the day, Ms. Murphy responded to Mr. Potter's email by stating: "You will likely be hearing from Kirkland and Ellis who will be representing me in the future." *Id.*  This was surprising, as Kirkland & Ellis, and Mr. DeCoro at that firm, are counsel opposing Verathon in the Berall matter.

On March 9, 2021, Mr. Potter emailed Ms. Murphy asking for the contact information of her new attorney so he could communicate with her/him directly.  Potter Decl. ¶ 7, Ex. C.  In a separate email, Mr. Potter asked Ms. Murphy to return Verathon's property, including, among other things, the Verathon computer and smartphone at issue.  *Id.* at ¶ 9, Ex. D.  Mr. Potter also provided Ms. Murphy with a pre-paid FedEx label to facilitate the return of Verathon's property in a timely fashion, including the address of the nearest FedEx pack and ship.  *Id.*  Verathon's company policy requires employees to return Verathon company property on or before their last day of employment.  *Id.* at ¶ 10.

On March 17, 2021, Ms. Murphy emailed Mr. Potter stating that she was sending back Verathon's property using the label that was provided.  *Id.* at ¶ 11, Ex. F.  But Ms. Murphy never followed up on this promise.  *Id.* at ¶ 12.  Ms. Murphy and/or her attorney, Seth Rosenberg, currently remain in possession of Verathon's computer laptop and smartphone, and potentially other equipment, documents, and materials, that are property of Verathon.  *Id.* at ¶ 12.

**3.      Ms. Murphy Has Refused to Return Privileged and Highly Confidential Information Belonging to Verathon.**

In October 2020, Ms. Murphy was contacted by Verathon's outside counsel to assist with the Berall matter.  Potter Decl. ¶ 13.  She was involved in many communications with Verathon's attorneys in the Berall matter over many months involving attorney-client privilege and core work

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 5
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

product.  *Id.*  Thus, the computer and smartphone in Ms. Murphy's possession also contain attorney-client privileged communications and information and attorney work product.  *Id.*  Ms. Murphy was employed by Verathon for 23 months and has no firsthand personal knowledge of the underlying substantive facts related to the Berall matter, had no involvement in the technology at issue, and was not employed at Verathon during the years primarily at issue.  *Id.*  All of her knowledge, and any materials she may have, related to the Berall matter are a result of her working with Verathon's outside attorneys in the Berall matter.  *Id.*

Verathon has not consented to Ms. Murphy or any of her representatives, agents or others accessing, reviewing, or otherwise disclosing the information and documents on the Verathon computer or smartphone or any other Verathon property that Ms. Murphy is legally obligated to return to Verathon.  Potter Decl. ¶ 15.  Verathon has not waived any privileges or protections, and Ms. Murphy has no authority to waive any of Verathon's privileges or protections.  *Id.*

The Verathon computer and smartphone also contain various trade secrets and competitive information of Verathon.  *Id.* at ¶ 16.  Most of this information is wholly unrelated to the Berall matter or any claims that Ms. Murphy alleges to have against Verathon relating to her past employment.  *Id.*  Given Ms. Murphy's executive level position at Verathon, the Verathon computer also may contain significant amounts of confidential and highly sensitive personal information relating to current and former Verathon employees, including social security numbers, medical information, banking information, marital status, health conditions, and other highly sensitive personal information.  Thompson Decl. ¶ 8.

**4.     Mr. DeCoro, on Behalf of Berall, Serves Ms. Murphy with a Subpoena to Produce Documents and Things, and a Related Deposition Subpoena.**

On or about March 22, 2021, Mr. DeCoro of Kirkland & Ellis, on behalf of Berall, served Ms. Murphy with a Subpoena to Produce Documents, Information, or Objects under Fed. R. Civ. P. 45.  Potter Decl. ¶ 18, Ex. G.  The subpoena states the place of compliance as Seattle, Washington.  *Id.*  The deadline was set for March 26, 2021 at 5:00 p.m., a mere four days after

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 6
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Ms. Murphy was served.  *Id.*  Mr. DeCoro, on behalf of Berall, also served a related subpoena for Ms. Murphy's deposition on April 8, 2021.  *Id.*

The subpoena for documents and things is exceedingly broad and requests, in part: (1) "Any communications devices that you used to communicate with anyone at Verathon regarding the Berall Litigation, including any laptop, tablet, and/or mobile phone, including any such devices issued to you by Verathon," and (2) "All documents and things concerning the Berall Litigation in your Possession."  *Id.*

**5.      Weeks After Her Verathon Employment Concluded, Ms. Murphy Claimed, for the First Time, That Verathon's Computer and Smartphone Allegedly May Contain Evidence of Attempted Discovery Abuse.**

Weeks after her employment with Verathon concluded, Ms. Murphy, through her counsel, claimed that the Verathon computer and smartphone allegedly may contain evidence of attempted discovery abuse in the Berall matter and also may contain evidence that "relates to her own illegal termination."  Potter Decl. ¶ 20, Ex. I.  Ms. Murphy claimed that after she resigned, Verathon terminated her employment because she purportedly was asked to have someone else destroy some emails potentially relevant to the Berall matter, but she refused to do so.  *See* Potter Decl. ¶ 19. Ex. H.  Specifically, Ms. Murphy claims that Mr. Thompson called her on or about February 24, 2021 and purportedly told her that she should tell Reza Yazdi, Senior Director of Research & Development at Verathon, to delete certain emails, but she refused to do so.  *Id.*

Mr. Thompson specifically and categorically denies ever telling Murphy, or anyone else at Verathon, to destroy any documents or emails relevant to the Berall matter.  Thompson Decl. ¶ 11. Mr. Thompson also does not understand all the complexities of Berall's patent infringement suit such that he could identify key important documents.  *Id.*  Mr. Yazdi also swears that no one at Verathon ever told him to destroy documents relevant to the Berall matter, and he has never done so.  Declaration of Reza Yazdi ("Yazdi Decl.") at ¶ 4.  To the contrary, he understands that relevant documents are subject to a litigation hold.  *Id.*

Ms. Murphy's own allegations reveal her lack of understanding of the Berall matter.  Ms.

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRENDA MURPHY - 7
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Murphy asserts that she was party to emails with Mr. Yazdi and Mr. Thompson wherein Mr. Yazdi acknowledged having emails, including ones from Dr. Jack Pacey, Verathon's former President, that referenced Berall. Potter Decl. ¶ 21, Ex. H. But this is hardly remarkable, as the Berall patent was actually cited as prior art (and was distinguished) in Dr. Pacey's January 30, 2003 patent application. Potter Decl. ¶ 21, Ex. J.

Significantly, Ms. Murphy never reported Mr. Thompson's alleged conduct to Verathon's ethics hotline, even though, as Vice President of Human Resources, she knew it was the appropriate channel to report misconduct. Potter Decl. ¶ 22. Ms. Murphy also never mentioned Mr. Thompson's conduct when she resigned on Friday, March 5, 2021, when she sent text messages to Verathon employees on the weekend of March 6-7, 2021, or when she was given notice of the conclusion of her employment on March 8, 2021. Thompson Decl. ¶ 12; Potter Decl. ¶ 23. It was only after she met with her current attorney, and started talking about a possible wrongful termination claim, that any such claims were made. Potter Decl. ¶ 23.

## ARGUMENT

### I. This Court Should Enter a Protective Order Directing Ms. Murphy and Her Attorney to Return Verathon's Property to Squire Patton Boggs.

Discovery against a party (including requesting information from current or former employees) is to be conducted through discovery requests, not subpoenas. The Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery" and "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1).

Here, there is no dispute that Ms. Murphy does not own the Verathon computer or smartphone or any of Verathon's Confidential Information currently in her possession. Ms. Murphy's unauthorized retention of Verathon's computer and smartphone and any other property is a breach of her duty of loyalty to Verathon, a breach of her confidentiality agreements with Verathon, and a violation of Verathon's legal right to the protection of its Confidential

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 8
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Information, including privileged attorney-client communications and attorney work product. Potter Decl. ¶¶ 10, 13-17; Thompson Decl. ¶¶ 4-5, 8. Verathon has not waived any privileges or protections, and Ms. Murphy has no authority to waive any of Verathon's privileges or protections. Potter Decl. ¶ 15. Verathon similarly has not consented to Ms. Murphy or any of her representatives, agents or others accessing, reviewing, or otherwise disclosing the information and documents on the Verathon computer or smartphone or any other Verathon property that Ms. Murphy legally must return. *Id.*

Accordingly, this Court should enter a protective order requiring Ms. Murphy and her counsel to deliver Verathon's smartphone, computer, documents, and any other materials to Squire for safekeeping, including preservation of metadata.

## II. The Subpoenas Should Be Quashed or a Protective Order Should Be Entered.

"The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003), *amended by* 359 F.3d 1066 (9th Cir. 2004).

Rule 45 subpoenas are subject to Rule 26 limitations. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any **nonprivileged** matter that is **relevant to any party's claim or defense** and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Courts may limit discovery where "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). This Court also has inherent authority to manage discovery and enter a protective order precluding discovery. *Coleman v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 99340, at *17-18 (E.D. Cal. Nov. 29, 2007).

### A. This Court Should Enter an Order Quashing Berall's Subpoena for Documents and Things.

Berall's subpoena for documents and things should be quashed because (1) any relevant

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRENDA MURPHY - 9
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1  evidence should be obtained directly from Verathon through proper discovery channels, (2) it

2  seeks privileged and confidential information belonging to Verathon, (3) it seeks irrelevant

3  confidential information and documents, and (4) it failed to allow reasonable time to comply.

4      **1.      Berall Can Seek Discovery Directly from Verathon.**

5      Discovery in the Berall matter is ongoing and extensive, and thus the discovery that Berall

6  seeks from Ms. Murphy can be obtained directly from Verathon. *See Moon v. SCP Pool Corp.*,

7  232 F.R.D. 633, 638 (C.D. Cal. 2005) (granting motion to quash, recognizing that "plaintiffs can

8  more easily and inexpensively obtain the documents from defendant, rather than from [the]

9  nonparty"); *Nidec Corp.*, 249 F.R.D. at 577 ("vast majority of the discovery sought from [non-

10  party] is discovery obtainable from a source more direct, convenient, and less burdensome –

11  namely, from Defendants.").

12      If the Verathon computer and smartphone currently in Ms. Murphy's possession contain

13  information and documents responsive to proper discovery requests that have not yet been

14  produced in the Berall matter, Verathon will produce them in accordance with its discovery

15  obligations and subject to appropriate objections, including privilege.   If Berall considers

16  Verathon's production to be incomplete or objections improper, his counsel can invoke appropriate

17  discovery procedures.  It is wholly improper, however, to use a Rule 45 subpoena to obtain stolen

18  documents and information from a renegade former employee of Verathon.

19      Indeed, there are also ethical concerns.  Among others, Rule 4.4(a) of the New York Rules

20  of Professional Conduct states that "[i]n representing a client, a lawyer shall not . . . use methods

21  of obtaining evidence that violate the legal rights of a [third] person."  Comment [1] to New York

22  Rule 4.4 explains that responsibility to a client "does not imply that a lawyer may disregard the

23  rights of third persons," which include "*legal restrictions on methods of obtaining evidence from*

24  *third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer*

25  *relationship*."  (Emphasis added).

26      Ms. Murphy's allegations also raise questions about the timing of Berall's counsel's

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 10
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

apparent communications with Ms. Murphy in early March 2021 relating to Verathon. Potter Decl. ¶ 6, Ex. B. Ms. Murphy was an executive of Verathon and her employment with Verathon concluded on March 8, 2021, and thus any pre-termination or post-termination contact with her raises concerns under Rule 4.2 of the New York Rules of Professional Conduct. Even if Rule 4.2 is not directly implicated, Comment 7 to New York Rule 4.2 warns that a lawyer may not communicate with even a former employee in a way that would "violate" the legal rights of the company, and it expressly cross-references New York Rule 4.4.

Courts are very protective of privileged relationships and information, and have not hesitated to impose sanctions where attorneys engage in improper discovery tactics involving third parties. *See, e.g., Calise v. Brady Sullivan Harris Mills, LLC*, 2019 U.S. Dist. LEXIS 52563, at *32-33, 36 (D.R.I. Mar. 28, 2019) (attorneys' interactions with defendant's former employees who had signed confidentiality agreements barring disclosure of defendant's confidential information violated Rule 4.4(a) because the attorneys "used a method of obtaining evidence that was in disregard for, and in violation of, the legal rights of [defendant], amounting to an unwarranted intrusion into [defendant's] privileged relationships"); *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Trust Fund*, 2019 U.S. Dist. LEXIS 17798, at *17-18 (N.D. Ill. Feb. 5, 2019) (attorneys violated ethical obligations by meeting with opposing party's former officer and director, actively discussing matters they knew were likely to be confidential or privileged, and requesting and obtaining such information from him).

Ultimately, "[t]he rules governing the management of civil disputes are carefully supervised by the judiciary to prevent the discovery process from degenerating into a chaotic self-help battle that ultimately undermines the confidentiality of privileged communications." *Sanchez v. Maquet Getinge Grp.*, 2018 N.J. Super. Unpub. LEXIS 1199, at *17-18 (N.J. App. May 23, 2018). An improper self-help battle is brewing here. Berall is demanding complete and unfiltered access to Verathon's computer and phone in derogation of Verathon's rights. The subpoena should be quashed. *See Rhino Metals, Inc. v. Sturdy Gun Safe, Inc.*, 2020 U.S. Dist. LEXIS 12333, at *6

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRENDA MURPHY - 11
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

(D. Id. Jan. 22, 2020) (quashing subpoena, finding that: "[Defendant] is the true, rightful owner of this material.  [Defendant] is the correct party to whom the subpoena should have been directed.").

### 2.    The Subpoena Seeks Privileged and Confidential Information.

This Court "must" quash Berall's subpoena because it "requires disclosure of privileged or other protected material, [and] no exemption or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).  Berall's first two requests alone will result in substantial disclosure of privileged communications between Verathon and its attorneys and associated attorney work product.  These requests seek all of Verathon's equipment in Ms. Murphy's possession without regard to privilege or Ms. Murphy's contractual obligation to Verathon, or the fact that Ms. Murphy and her attorney do not have any legal right to take custody of Verathon's property.

Ms. Murphy began to assist with the Berall matter in October 2020 when she was contacted by Verathon's outside counsel.  Potter Decl. ¶ 13.  Thus, the production of Verathon's computer and smartphone directly to Berall's counsel will result in substantial disclosure of confidential communications between Verathon and its attorneys regarding legal advice sought on behalf of Verathon.  *Id.*  It also would reveal work product.  *Id.*  The subpoena should be quashed.  *See Dominguez v. Corp. of Gonzaga Univ.*, 2018 U.S. Dist. LEXIS 114946, at *4 (E.D. Wash. Apr. 19, 2018) (granting motion to quash or alternatively motion for protective order because "[o]nce disclosed, Defendant will effectively have no remedy to protect the privileged information").

Mr. DeCoro's subpoena also should be quashed because it threatens to disclose "a trade secret or other confidential research, development, or commercial information" belonging to Verathon.  Fed. R. Civ. P. 45(d)(3)(B)(i); *see Moon*, 232 F.R.D. at 638 (granting defendants' request to quash subpoena served by plaintiffs on nonparty, noting "a specific ground to quash a subpoena is that it seeks 'commercial information,' which these requests clearly seek . . . .").

### 3.    The Subpoena Seeks Irrelevant Confidential Information.

The subpoena also should be quashed because the Verathon computer and smartphone contain significant amounts of confidential information and documents that are completely

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRENDA MURPHY - 12
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1
2
3
4

irrelevant to the Berall matter, such as Verathon's trade secrets and competitive information, and potentially significant amounts of confidential and sensitive information involving Verathon's current and former employees. *See Moon*, 232 F.R.D. at 637 (C.D. Cal. 2005) ("courts have incorporated relevance as a factor when determining motions to quash a subpoena").

5

### 4.    The Subpoena Also Failed to Allow Reasonable Time to Comply.

6
7
8
9
10

The subpoena must be quashed because it failed "to allow reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).  Barell's counsel gave notice of the subpoena on March 22, 2021 and required production four days later. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, 2010 U.S. Dist. LEXIS 40653, at *17 (E.D.N.Y. Feb. 5, 2010) (finding 5 business days "for complying with the subpoena and hence, raising a challenge, to be insufficient").

11

### B.    The Deposition Subpoena Should Also Be Quashed.

12
13
14
15
16
17
18
19
20

For similar reasons, the Court should quash the subpoena for testimony from Ms. Murphy because it will elicit testimony infringing on Verathon's Confidential Information.  Ms. Murphy's attorney previously informed Mr. DeCoro that Ms. Murphy has a documented medical condition that prevents her from meaningfully participating in a deposition.  Potter Decl. ¶ 24, Ex. K.  In an about face, Ms. Murphy's attorney recently informed Verathon's counsel that Ms. Murphy now intends to testify.  Mace Decl. ¶ 7.  Her testimony threatens to improperly disclose Verathon's Confidential Information to Berall, and thus the deposition subpoena should be quashed.  *See Lexington Ins. Co. v. Swanson*, 2007 U.S. Dist. LEXIS 53509, at *16 (W.D. Wash. July 23, 2007) (quashing deposition subpoena seeking discovery of "discovery of . . . privileged information").

21

### CONCLUSION

22
23
24

This Court should enter a protective order requiring Ms. Murphy and her attorney Seth Rosenberg to return Verathon's property.  Additionally, the subpoenas served on Ms. Murphy should be quashed, and/or a protective order should be entered precluding such discovery.

25
26

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 13
Case No.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1

DATED this 5th day of April 2021

2

LITTLER MENDELSON P.C.

3

By: */s/ Thomas P. Holt*

4

Thomas P. Holt, WSBA No. 39722
One Union Square

5

600 University Street
Suite 3200

6

Seattle, WA 98101-3122
Telephone: (206) 381-4926

7

tholt@littler.com

8

SQUIRE PATTON BOGGS (US) LLP

9

10

Damond R. Mace (OH #0017102)
(*pro hac vice* to be filed)

11

SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower

12

127 Public Square
Cleveland, Ohio  44114

13

Telephone: (216) 479-8500

14

damond.mace@squirepb.com

15

Attorneys for Verathon Inc.

16

17

18

19

20

21

22

23

24

25

26

VERATHON'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA TO BRENDA MURPHY - 14
Case No.